```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MICHELLE ANNE BARE,            :    CIVIL NO. 1:06-CV-0988
                               :
           Petitioner          :    (Judge Conner)
    v.                         :
                               :    (Magistrate Judge Smyser)
FDC PHILADELPHIA,              :
                               :
           Respondent          :
```

## REPORT AND RECOMMENDATION

On May 15, 2006, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner claims that the Bureau of Prisons has miscalculated the amount of good time credits she is entitled to pursuant to 18 U.S.C. § 3624(b).

The petitioner was convicted in the United States District Court for the Middle District of Pennsylvania of mail fraud in violation of 18 U.S.C. § 1341.  *United States v. Bare*, 1:04-CR-00421 (M.D.Pa.)(Rambo, J.).  On July 13, 2005, she was sentenced to 27 months imprisonment.  *Id.*

The Bureau of Prisons (BOP) has calculated that the petitioner will be eligible to received up to 106 days of good conduct time (GCT). Assuming that none of the petitioner's GCT is disallowed or forfeited, according to the BOP the petitioner is projected to be released from custody on August 2, 2007.

The petitioner claims that the BOP has miscalculated her GCT. The petitioner contends that the BOP's miscalculation is a result of its misinterpretation of 18 U.S.C. § 3624(b). The petitioner contends that she is entitled to a total of 121.50 days of GCT. She contends that her GCT should be calculated based on her sentence as imposed by the court. The BOP, on the other hand, awards GCT based on the amount of time actually served. *See* 28 C.F.R. § 523.20.

The respondent contends the jurisdiction and venue lie in the United States District Court for the Eastern District of Pennsylvania rather than in this court. The respondents contend that, therefore, the petition should be transferred to the United States District Court for the Eastern District of Pennsylvania.

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976). Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian. It is the warden of the prison where the petitioner is held who is considered the custodian for purposes of a habeas action. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld, supra,* 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). For "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

The petitioner is confined at the Federal Detention Center in Philadelphia, Pennsylvania, and that is where she was confined when she filed the instant petition. The warden of the Federal Detention Center in Philadelphia is the proper respondent in this case. The Federal Detention Center in

3

Philadelphia is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  Thus, jurisdiction and venue in this case lie in the United State District Court for the Eastern District of Pennsylvania, not in this court.

Since jurisdiction and venue are not proper in this court, the respondent argues that the case should be transferred to United States District Court for the Eastern District of Pennsylvania.

18 U.S.C. § 1631 provides that, when a civil action is filed in a court without jurisdiction, the court shall transfer the case to a court having jurisdiction if it is in the interest of justice to do so.

In the instant case, we conclude that it would not be in the interest of justice to transfer the case to the United States District Court for the Eastern District of Pennsylvania. That conclusion is based on the fact that the petition is clearly without merit given that the United States Court of Appeals for the Third Circuit has upheld the BOP's

interpretation of 18 U.S.C. § 3624(b). *See O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005).

Since jurisdiction and venue are not proper in this court, it will be recommended that the petition be dismissed.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 14, 2006.